## Chicago, Burlington and Quincy Railroad Co.

### *v.*

### Chloe M. Sykes, Admx.

*Filed at Ottawa September 25, 1880.*

1. Negligence—*contributory and comparative.* Where a railroad company is guilty of negligence in leaving a freight car across a sidewalk leading to a passenger depot, about the time for the arrival of a passenger train, without opening the freight train so as to permit passengers to pass, and a person seeking to make the passenger train is also guilty of negligence in attempting to pass under the end of a freight car, though invited or directed by the conductor of that train to do so, if such act was dangerous, and would be so considered by prudent persons generally, and the person in passing under the car is injured by the freight train suddenly starting, it should be left to the jury by the instructions to say whether such person's negligence was slight, and that of the agents of the company gross, in obstructing the passage to the depot and in inviting the passenger to pass under the freight car.

2. Where a person in going to a railroad depot to take passage on a passenger train, finds a freight train across the side walk, and is told by the freight conductor to pass under the end of a freight car—that he has plenty of time—and while passing under is injured, section 54 of the railroad and warehouse law will have no application to the case or bearing upon such person's negligence. That section applies only to climbing, stepping, standing

upon, clinging to, or in any way attaching one's self to a locomotive engine or car, either stationary or in motion on the track.

3. Where a conductor has control over his train as to its starting or stopping, a person will have the right to act on his invitation to pass under a freight car when the train is obstructing the passway, unless he has reason to suppose it hazardous. The person in such case has the right to suppose the train will not be started until he can pass through, and that the conductor has the power to control the train, and will do so, knowing the dangerous position in which the person is placed by his direction.

4. MASTER AND SERVANT—*liability of former for acts of the latter.* When a railroad conductor is engaged in the performance of his duty to the company and about its business, the company will be held responsible for his acts, although he may not have been free from fault on his part and may have acted beyond his duty.

5. INSTRUCTION—*should not give a partial view of the facts.* An instruction as to the right of a party to act upon the direction of a railroad conductor to pass under a freight car in a train which was obstructing the sidewalk leading to a depot, which refers to many of the circumstances bearing upon the question of negligence, but not to all of them, and which is argumentative, and not explicit in announcing the rule of law sought to be presented, should not be given.

6. SAME—*should be based on the evidence as to amount of damages.* In a suit against a railroad company to recover damages for a personal injury resulting in death, through negligence, it is error to instruct the jury that if they find the defendant guilty they may assess the plaintiff's damages at any sum not exceeding $5,000, the amount claimed in the declaration, without reference to any proofs of the amount of damages sustained.

7. SAME—*taking facts from the jury.* The trial court has no power to take the decision of facts from the jury by an instruction. If there is evidence tending to prove the issue, it must be submitted to the jury, and the court can not properly instruct the jury to find against what the evidence tends to prove.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Warren county, the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. WILLIAM C. NORCROSS, for the appellant:

The court erred in overruling the defendant's motion for a new trial, because the verdict is contrary to the law and the evidence. The deceased was guilty of such negligence con-

tributing to the injury as to bar the plaintiff's right of recovery in any view of the case. *Chicago and Alton Railroad Co.* v. *Meiche, Administratrix,* 83 Ill. 427; *Illinois Central Railroad Co.* v. *Hall,* 72 Ill. 222; *Toledo, Wabash and Western Railroad Co.* v. *Brooks,* 81 Ill. 250.

It makes no difference whether Anderson invited Sykes to come under the car or not, because it is proved, that even if he had invited him, the deceased knew that Anderson could not extend such an invitation within the scope of his agency, and the invitation not being within the scope of the agency, would not bind the defendant. 1 Greenlf. Ev. sec. 114; *Davidson* v. *Porter et al.* 57 Ill. 300; *Snyder* v. *Hannibal and St. Jo. Railroad Co.* 60 Mo. 413.

The facts being conceded, whether a given act is within the scope of a servant's employment is a question of law for the court. Story on Agency (4th ed.) sec. 456; Wharton on Agency, sec 136.

A third party dealing with an agent is bound to exercise the caution of a good business man, to know whether or not the agent has authority; and if he acts without exercising such care, he does so at his own peril. Wharton on Agency, p. 91, sec. 137.

When there are any just grounds to suspect that an agent had not authority, or where there is any good reason to put the third party on inquiry as to whether or not an agent has authority to do the particular act, the third party is bound to go to the principal to ascertain whether or not the agent has authority, or else he deals with the agent at his own peril. Wharton on agency, p. 94, sec. 139.

Where an agent acts beyond the scope of his employment, or contrary to his principal's wishes, and the party dealing with him knows the fact, he deals at his own peril, and can not hold the principal responsible for the acts of the agent. Wharton on Agency, pp. 87–88, sec. 131 and sec. 132. *Illinois Central Railroad Co.* v. *Green,* 81 Ill. 19.

If the deceased were guilty of any negligence, no matter

how slight, that contributed to the injury, then the plaintiff can not recover in his action unless the plaintiff proves by a preponderance of evidence on her part two things, namely: 1. That the defendant was guilty not of negligence that contributed to the injury, but of gross negligence that contributed to the injury. And, 2d. That the negligence of the deceased was but slight compared to the negligence of the defendant. *Illinois Central Railroad Co.* v. *Hammer,* 85 Ill. 526; *Chicago and Alton Railroad Co.* v. *Langley,* 2 Bradwell's Rep. 505; *Illinois Central Railroad Co.* v. *Hall,* 72 Ill. 222; *Village of Kewanee* v. *Depew,* 80 Ill. 119; *City of El Paso et al.* v. *Causey,* 1 Bradwell's Rep. 531.

The deceased also violated sec. 54 of the statute relating to railroads and warehouses, R. S. 1874, p. 810.

A higher degree of care is required of an adult than of a child. *Chicago and Alton Railroad Co.* v. *Murry,* 71 Ill. 601; *Chicago, Burlington and Quincy Railroad Co.* v. *Dewey,* 26 id. 258; *Railroad Co.* v. *Gladman,* 15 Wall. 408.

That in law the negligence of the deceased contributed to the injury complained of to such an extent as to bar plaintiff's right of recovery, admits of no doubt, as the following cases abundantly show, in each and all of which the verdict and judgment of the lower court have been set aside, and the appellate court decide the same as a matter of law. *Chicago, Rock Island and Pacific Railroad Co.* v. *Bell, Admx.* 70 Ill. 102; *Lake Shore and Michigan Southern Railroad Co.* v. *Hart,* 87 id. 529; *Chicago and Alton Railroad Co.* v. *Mitchie, Admx.* 83 id. 428; *Village of Kewanee* v. *Depew,* 80 id. 119; *Illinois Central Railroad Co.* v. *Hall,* 72 id. 222; *Illinois Central Railroad Co.* v. *Chambers,* 71 id. 519; *Bevier* v. *Galloway,* 71 id. 517; *Toledo, Wabash and Western Railroad Co.* v. *Barlow,* 71 id. 640; *Illinois Central Railroad Co.* v. *Greene,* 81 id. 19; *Toledo, Wabash and Western Railroad Co.* v. *Jones,* 76 id. 311; *Keokuk Packet Co.* v. *Henry,* 50 id. 264; *Ohio and Mississippi Railroad Co.* v. *Stratton,* 78 id. 88; *Adams Express Co.* v. *Jones,* 53 id. 463; *Chicago and Alton Railroad*

*Co.* v. *McLaughlin,* 47 id. 265 ; *Chicago and Alton Railroad Co.* v. *Langley* 2 Bradwell's Rep. 505; *Toledo, Wabash and Western Railroad Co.* v. *Miller,* 76 Ill. 279 ; *Central Railroad and B. Co.* v. *Dixon,* 42 Ga. 327; *C., C., C. and I. Railroad Co.* v. *Elliott,* 28 Ohio St. 340; *Allyn* v. *B. and A. Railroad Co.* 105 Mass. 77.

When the question is, whether the defendant was guilty of gross negligence that contributed to the injury, and all the evidence is before the court, that' question becomes a question of law, to be determined by the court on appeal as a matter of law, no matter what the verdict of the jury and judgment of the lower court may have been. *The Adams Express Co.* v. *Jones,* 53 Ill. 463 ; *Kelly, Admx.* v. *Hardie,* 26 Mich. 245 ; *Lake Shore and Michigan Central Railroad Co.* v. *Miller,* 25 Mich. 274; *Allyn* v. *B. and A. R. R. Co.* 105 Mass. 77; *Kansas Pacific Railroad Co.* v. *Butts,* 7 Kan. 308 ; *Chicago and Alton Railroad Co.* v. *Langley,* 2 Bradwell, 505.

And the question as to whether the deceased was guilty of any want of ordinary care and prudence which directly contributed to the injury, and whether or not the defendant was guilty of gross negligence that contributed directly to the injury, and whether, by comparison, the negligence of the deceased was slight and the defendant's gross, are each and all questions of law for the determination of the court, on appeal. *Illinois Central Railway Co.* v. *Green,* 81 Ill. 19 ; *Chicago and Alton Railway Co.* v. *Michie, Admx.* 83 id. 427 ; *Village of Kewanee* v. *Depew,* 80 id. 119 ; *Toledo, Wabash and Western Railway Co.* v. *Jones,* 76 id. 311 ; *Keokuk Packet Co.* v. *Henry,* 40 id. 264 ; *The City of Joliet* v. *Seward,* 86 id. 402 ; *Lake Shore and Michigan Southern Railroad Co.* v. *Hart,* 87 id. 529 ; *Chicago and Alton Railroad Co.* v. *Michie,* 83 id. 427 ; *Illinois Central Railroad Co.* v. *Hall,* 72 id. 222 ; *Illinois Central Railroad Co.* v. *Chambers,* 71 id. 519 ; *Illinois Central Railroad Co.* v. *Green,* 81 id. 19 ; *Ohio and Mississippi Railroad Co.* v. *Stratton,* 78 id. 88 ; *Lake Shore and Michigan Southern Railroad Co.* v. *Miller,* 25

Mich. 274; *Kelly, Admx.* v. *Hendrie,* 26 id. 225; *Allyn* v. *The B. and A. Railway Co.* 105 Mass. 77; *Gerety* v. *Ph., Wil. and Balto. Railway Co.* 81 Pa. St. 274; *Central Railway Co.* v. *Dixon,* 42 Ga. 327; *Chicago and Alton Railway Co.* v. *Langley,* 2 Bradwell, 505; *Lewis* v. *Baltimore and Ohio Railway Co.* 38 Md. 597; *The City of El Paso et al.* v. *Causey,* 1 Bradwell, 531; *Phillips* v. *R. and S. Railway Co.* 49 N. Y. 137.

The entire blockading of that side walk did not justify deceased putting his life in jeopardy, nor did it pull him under the train, nor did it contribute to pull him under the train. *Chicago and Alton Railway Co.* v. *Langley,* 2 Bradwell, 505; *Central Railway Co.* v. *Dixon,* 42 Ga. 327; *Lewis* v. *Baltimore and Ohio Railway Co.* 38 Md. 597; *Chicago, Burlington and Quincy Railway Co.* v. *Dewey, Admx.* 26 Ill. 255; *Keokuk Packet Co.* v. *Henry,* 50 id. 264.

As a matter of law, it is the duty of the court on appeal to absolutely reverse a case where the verdict is not supported by a preponderance of evidence. *The Adams Express Co.* v. *Jones,* 53 Ill. 463.

The fifth instruction given for the plaintiff was erroneous. *Keokuk Packet Co.* v. *Henry,* 50 Ill. 269; *Chicago, Burlington and Quincy Railroad Co.* v. *Dewey,* 26 Ill. 255.

Messrs. STEWART, PHELPS & GRIER, for the appellee:

As to the liability of a master for the acts of his servant while acting in the general scope of his employment, see *Milton* v. *Middlesex Railroad Co.* 107 Mass. 169; *Bagley* v. *Manchester, S. and L. Railway Co.* 8 C. P. 153; *Cosgrove* v. *Ogden,* 49 N. Y. 255; *Anderson* v. *Rome, W. and O. Railroad Co.* 54 N. Y. 340; *Luby* v. *H. R. R. R. Co.* 17 N. Y. 133.

As to the question of negligence, see *Illinois Central Railroad Co.* v. *Able,* 59 Ill. 132; *Chicago, Burlington and Quincy Railroad Co.* v. *Dewey,* 26 id. 259; *Illinois and St. Louis Railroad Co.* v. *Stables,* 62 id. 316; *Rockford, Rock*

*Island and St. Louis Railroad Co.* v. *Coultas*, 67 id. 401; *Illinois Central Railroad Co.* v. *Slatton*, 64 id. 139; *Ohio and Mississippi Railway Co.* v. *Stratton*, 78 id. 88; *Illinois Central Railroad Co.* v *Hoffman*, 67 id. 287; *Illinois and St. Louis Railroad Co.* v. *Herndon*, 81 id. 149; *Chicago and Alton Railroad Co.* v. *Mitchie*, 83 id. 430; *Rockford, Rock Island and St. Louis Railroad Co.* v. *Linn*, 67 id. 110; *Illinois Central Railroad Co.* v. *Modglin*, 85 id. 483.

It was particularly gross negligence to start said freight train in the manner it was, and without signal, when the engineer knew it had not been uncoupled and separated; that it stood over the only approach to the depot, and that they were within the limits of a city, for there the law demands a far higher degree of care in the management of railroad trains. *Illinois Central Railroad Co.* v. *Hammer*, 72 Ill. 350; *Toledo, Wabash and Western Railroad Co.* v. *Miller*, 76 id. 578; *Chicago, Burlington and Quincy Railroad Co.* v. *Stumps*, 69 id. 409; *Chicago, Burlington and Quincy Railroad Co.* v. *Van Patten*, 64 id. 516; *Chicago and Northwestern Railroad Co.* v. *Sweeney*, 52 id. 330.

As to the rule in case of comparative negligence when there is fault on both sides, counsel cited and elaborated the following, among other authorities: *Chicago and Alton Railroad Co.* v. *Gretzner*, 46 Ill. 81; *Chicago and Alton Railroad Co.* v. *Murray*, 62 id. 330; *Illinois Central Railroad Co.* v. *Waddlesworth*, 43 id. 66; *St. Louis, Alton and Terre Haute Railroad Co.* v. *Manley*, 68 id. 66; *Toledo, Wabash and Western Railway Co.* v. *O'Connor*, 77 id. 394; *P., C. and St. L. R'y Co.* v. *Knutson*, 69 id. 107.

We refer to other cases establishing and reiterating the common rule of the decisions of the Supreme Court upon the question of comparative and contributory negligence, where it is manifestly held that the plaintiff, although guilty of some negligence, may nevertheless recover, if, upon comparing the negligence of the respective parties, that of the plaintiff is slight, and that of defendant is great. *Illinois*

*Central Railroad Co.* v. *Moffitt,* 67 Ill. 434; *Illinois Central Railroad Co.* v. *Hammer,* 72 id. 351 ; *Rockford, Rock Island and St. Louis Railroad Co.* v. *Hillmer,* 72 id. 329 ; *Chicago, Burlington and Quincy Railroad Co.* v. *Triplett,* 38 id. 484 ; *Toledo, Wabash and Western Railway Co.* v. *McGinnis,* 71 id. 349 ; *Illinois Central Railroad Co.* v. *Cragin, Admr.* 71 id. 177 ; *Chicago and Alton Railroad Co.* v. *Hogarth,* 38 id. 371 ; *Chicago, Burlington and Quincy Railroad Co.* v. *Lee,* 87 id. 454; *Chicago and Alton Railroad Co.* v. *Engle,* 84 id. 399 ; *Chicago and Alton Railroad Co.* v. *Pondrom,* 51 id. 340 ; *Chicago and Alton Railroad Co.* v. *Gregory,* 58 id. 226.

The finding of the jury will not be disturbed, unless it is grossly and palpably against the evidence, much less where the evidence is conflicting. *Morgan* v. *Ryerson,* 20 Ill. 343; *Milliken* v. *Taylor,* 53 id. 503; *City of Chicago* v. *Garrison,* 52 id. 516; *Voltz* v. *Stephani,* 46 id. 54; *Bagby* v. *McClure,* 46 id. 381; *Baker* v. *Robinson,* 49 id. 299 ; *City of Chicago* v. *Smith,* 48 id. 107; *Crain* v. *Wright,* 46 id. 107 ; *McCarthy* v. *Mooney,* 46 id. 247; *Keith* v. *Fink,* 47 id. 272 ; *Hope Ins. Co.* v. *Lonergan,* 48 id. 49.

As to new trials in suits for injury from negligence: *Illinois Central Railroad Co.* v. *Stables,* 62 Ill. 316; *Toledo, Wabash and Western Railway Co.* v. *Spencer,* 66 id. 528 ; *Chicago, Burlington and Quincy Railroad Co.* v. *Triplett,* 38 id. 488; *Illinois Central Railroad Co.* v. *Hammer,* 72 id. 551.

The question of negligence and of comparative negligence is one of fact for the jury, and the finding will not be disturbed except in a clear case. *Great Western Railroad Co.* v. *Haworth,* 39 Ill. 353 ; *Rockford, Rock Island and St. Louis Railroad Co.* v. *Hillmer,* 72 id. 239 ; *Illinois Central Railroad Co.* v. *Gillis,* 68 id. 308 ; *Schmidt* v. *Chicago and Northwestern Railway Co.* 83 id. 410 ; *Illinois Central Railroad Co.* v. *Hetherington,* 83 id. 512; *Toledo, Wabash and Western Railway Co.* v. *O'Conner,* 77 id. 394 ; *Chicago, Burlington and Quincy Railroad Co.* v. *Lee,* 87 id. 457.

Mr. Justice Walker delivered the opinion of the Court:

An action was brought under the statute by appellee to recover damages from appellant for causing the death of F. M. Sykes. It is alleged the death of the intestate was the result of negligence on the part of the company in permitting a side walk in the city of Knoxville, in this State, where the accident occurred, to be obstructed by a freight train standing on the track.

The main track of the road is located on the north side of the depot building. There is a side track on the south side of the station house, between it and the city of Knoxville. There is a public highway leading north from the city to the depot, on the side of which is a public side walk, and over it people pass to and from the depot. The side track south of the building crosses this side walk, so that persons going to the depot for the purpose of taking passage on the trains have to cross this side track.

On the evening of the accident a freight train came to the station about five o'clock, ran in and stopped on this side track. It consisted of sixteen or eighteen cars, and when it stopped the middle of the train was over the side walk. This train remained on the side track waiting for the passenger train to pass, until twenty minutes after five.

This train was not opened over the side walk to enable persons to pass to get on the passenger train, although it was expected in a few minutes. Deceased was at the depot for the purpose of taking the incoming train going east, but determined, before doing so, to return to his house, and he passed on the side walk under the end of a freight car that was over the side walk. On returning from his home, the freight train was standing in the same position, and, in endeavoring to pass through to reach the platform to take the passenger train, the freight train started, and, although one of the railroad hands caught and pulled him out, his

right foot was caught and cut two or three inches on its outer side.     Medical attendance was procured by deceased, but in eight or nine days he died of lockjaw.

On a trial in the circuit court appellee recovered a judgment for $5000, from which the railroad company appealed to the Appellate Court.     On a trial therein the judgment was affirmed.     And appellant brings the record to this court and asks a reversal.

Appellant insists that the circuit court erred in giving instructions for plaintiff and in refusing to give instructions for the defendant, and for that reason the Appellate Court erred in not reversing the judgment.

It is claimed that the fifth of appellee's instructions is erroneous.     It is:

"The jury are instructed that if they believe, from the evidence, that on May 26th, 1876, a freight train of the defendant was permitted to stand, by one Anderson, the conductor thereof, he being then and there an employee of the defendant, in charge and control of said train, on and over a public highway and side walk thereon, being a public street in the city of Knoxville, Illinois; that said train stood on and over said street, between said city of Knoxville and the passenger depot there situate, and the main track of the defendant's road, on which passenger trains passed and repassed; that Francis M. Sykes, deceased, was then and there passing from said city of Knoxville to embark on a passenger train then at said depot; that said freight train was then and there coupled together, entirely blocking up said street and side walk, and for so great a distance on each side thereof that it was apparently impossible for said Sykes to go round the same in time to reach and embark on said passenger train; that before attempting to pass under said freight train, said Anderson, so being conductor and in charge of said train, without separating the same, said to the deceased, 'Come on under, Mr. Sykes, you will have plenty of

time,' and that deceased did, in accordance with, and in consequence of said direction of said conductor, and relying upon the same, without negligence on his part, and under such circumstances (under all the evidence in the case) as would induce an ordinarily prudent and careful man to believe that he could pass such train in safety—attempt to go through under said freight train, using such care and diligence as an ordinarily careful and prudent man would use, under all the circumstances, in accepting and acting upon such direction, and that while deceased was then and there so passing under said freight train, using all possible care, caution and diligence to pass the same, said train suddenly started without the ringing of bell or sounding of whistle to give notice thereof, and ran over the foot of the deceased, inflicting an injury which was the direct cause of the death of the deceased, then the jury may, if such facts are proven, find the defendant guilty, and assess plaintiff's damages at some amount not exceeding the sum of $5000, claimed in the plaintiff's declaration."

This instruction is not clear in its statement of the facts upon which the jury were required to act. It is involved, and its meaning is not readily perceived by persons not in the habit of carefully examining written language. It, to present the question whether the deceased had the right to act upon what the conductor said, refers to many other circumstances, but not to all. It is argumentative, and is not explicit in announcing the rule of law it sought to present to the jury. But, treating it as though it had been explicit, does it announce a correct legal proposition? It will not, we presume, be contended that a conductor may wilfully or recklessly invite or direct passengers or other persons to assume dangerous risks, or to go into danger without any care by such persons, so as to bind the company. Whilst passengers may, to some extent, rely on the superior experience and knowledge of conductors, they, at the same time,

are not thereby entirely absolved from the exercise of care and prudence on their part.

In this case there clearly was negligence by both parties. It was negligent on the part of appellant to leave the freight train across the side walk without opening it so as to permit persons to pass without obstruction. Again, it was negligent for deceased to pass under the end of the freight car. And although he may have been invited or directed by the conductor of that train to pass under, if the act was dangerous, and would be considered so by prudent persons generally, it was for the jury to say whether his negligence was slight, and that of the agents of the company gross. Now, this instruction ignores this element entirely. That it was important to be considered must be apparent. We have seen that deceased was under no obligation to act on the suggestion of the conductor, nor was he justified in doing so, if it was clear that he thereby incurred great hazard. And it was for the jury to determine whether, under the invitation of the conductor, if it was given, and the fact that he had charge of and command over his train, the negligence of deceased was slight. And, whether leaving the train across the public side walk and thus obstructing the free passage of the street, and in the conductor saying to deceased to come through, if they found he did, was gross negligence. The questions are prominently and undeniably presented by the evidence, and they should have been presented to the jury by this instruction, and failing to do so, it was erroneous and should have been refused or modified.

The instruction is inaccurate in telling the jury that, if they found defendant guilty, they might assess plaintiff's damages at some amount, not exceeding $5000, the amount claimed in the declaration. This part of the instruction leaves the jury at liberty to find any amount not exceeding the amount claimed, without the slightest reference to any proof of the amount of damages sustained. It amounted to an uncontrolled license to find any sum under the limit that

they might choose, and, as they have found to the full limit, it may be, and probably they did, exercise the liberty the instruction gave them, without reference to the evidence on that question. In this class of cases, instructions should be accurate and precise in reference to the finding of damages. This may have misled, and probably did mislead the jury in assessing damages.

It is urged with apparent earnestness that deceased violated the 54th section of the Railroad and Warehouse law. Rev. Stat. 1874, p. 810. We are unable to understand in what manner that section has the slightest application to the facts of this case. Deceased was not climbing, stepping, standing upon, clinging to, or in any way attaching himself to any locomotive engine, or cars, either stationary or in motion, upon this track. These are the only cases provided for by the section. It only requires the reading of this section to see it has none the slightest application to deceased. Argument or reasoning can not render it plainer. It will bear no construction, and it is plain it can not be held to embrace a case like this.

Did the court err in refusing instructions asked by appellant? The third of appellant's instructions as asked informed the jury that it is gross negligence for any intelligent person familiar with railroad travel to pass under a train with an engine attached, with steam up, and liable to start at any moment, and if deceased was such a person, and he did go under this train, and it was so situated, that he was then guilty of gross negligence, and plaintiff could not recover. Before it was given, the court modified it so as to read, if he did go under such car " uninvited," that then he was guilty of gross negligence. This presents the question, whether the conductor had power to authorize him to pass under the car. It may be doubted whether any employee of the company, with the engineer or conductor having charge of the train, could bind the company by such permission. But, as we understand the operation of these roads, the conductor of each

train has control over it.  He can require the engineer to start and stop at pleasure, unless it be in direct violation of regulations governing the engineer.  In this case, if the conductor had such power, as we suppose he had, then deceased undeniably had the right to rely and act on the invitation, unless he had reason to suppose it was hazardous.  Deceased could not suppose, after saying, "Come on; you will have plenty of time," he would require his train to start until he had got from under the train.  He, therefore, had the clear right to suppose, from what the conductor said, if it is proved he made the statement, as he had ample power to control the train, and was present, and could, and did, know he was in a dangerous position, the train would not be started.

It may, however, be said that this was outside of and beyond the duty of the conductor.  This is, perhaps, true.  But he had wrongfully obstructed the pass-way to the depot.  He should have opened it, to permit persons to pass through, but this he neglected.  And being in the wrong in that regard, what more natural than to suppose he would hold his train until deceased had passed?  Any person would have so supposed, especially after being invited to pass.  He was then in the employment of the company, and in the transaction of its business.  And this order or invitation, if it was given, was not wholly outside of its performance.  It was his duty to have opened his train, and, failing to do so, he undertook to perform that duty in another mode, by directing deceased to pass under the end of the car.  But, even if not so endeavoring, he was engaged in the performance of his duty to the company, and was, in this matter, not so acting as though engaged in his own private affairs.  Although injury resulted from an act he was not required by the company to perform, it was connected with the business of the company, and in the performance of which he was engaged.

The act was no more disconnected from the business of the company than the wanton discharge of steam by an engine driver to frighten a team that ran away and injured the

owner. In such a case the company was held liable for his acts, as in sounding a whistle for a like purpose, whereby both persons and property were injured. *Toledo, Wabash and Western Railway Co.* v. *Harmon,* 47 Ill. 298; *Chicago, Burlington and Quincy Railroad Co.* v. *Dickson,* 63 id. 151. These cases govern this question.

It is insisted that the court erred in refusing to give appellant's thirteenth instruction. It announces that deceased was not warranted in passing under the car, although he might have been unable to take the east bound passenger train, and, although the conductor might have told him to " Come on; you have plenty of time." This entirely ignores the fact that the conductor had control of the train, and that deceased, for that reason, had a right to suppose he would hold it until he had passed through. For this reason the instruction was properly rejected.

The sixteenth of appellant's instructions was properly refused. The Circuit Court, as we have uniformly held, has no power to take the decision of facts from the jury. When there is evidence tending to prove the issue, the evidence must be submitted to the consideration of the jury. In this case there was evidence tending to prove liability on the part of appellant, and it would have been manifest error to have instructed the jury to find for the defendant.

The other questions attempted to be raised have no force, and we deem them so plain as to require no discussion.

For the errors indicated, the judgment of the Appellate Court is reversed, and the cause remanded.

*Judgment reversed.*