The North Chicago Rolling Mill Company

*v.*

Mary Morrissey.

*Filed at Ottawa November 17, 1884.*

1. Negligence—*contributory negligence—as an element to be considered.* In an action by an administratrix to recover damages for negligence causing her husband's death, where the question of contributory negligence on the part of the deceased is fairly raised, it is error in the court to ignore entirely that question in instructing the jury.

2. In such a case, the court instructed the jury that if they believed, from the evidence, that plaintiff was administratrix of the estate of deceased, and that he left him surviving a widow and next of kin who had suffered pecuniary loss by his death, and that, under the instructions and evidence, the defendant is guilty as charged in the declaration, they should find for the plaintiff, etc.: *Held,* erroneous, in ignoring the question of contributory negligence, and omitting the requirement of any care or caution on the part of the deceased.

3. Measure of damages—*how to be determined.* In the same case, the court instructed the jury on what grounds they might find for the plaintiff, and if they did so find, that then they might give such damages as they should deem a fair and just compensation for the pecuniary loss resulting from such death to the widow and next of kin, not exceeding $5000: *Held,* that the instruction was erroneous, in not requiring the jury to find the damages from the evidence.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. WILLARD & DRIGGS, for the appellant:

The degree of care to be observed by a servant should be in proportion to the hazards of the service. *Railroad Co.* v. *Donohue,* 75 Ill. 108; *Richardson* v. *Cooper,* 88 id. 273.

If the deceased knew, or by the use of reasonable care might have known, of the existence of this coal bin in time to have avoided the injury, the appellee can not recover. *Railroad Co.* v. *Britz,* 72 Ill. 256; *Railroad Co.* v. *Munroe,* 85 id. 25; *Pennsylvania Co.* v. *Lynch,* 90 id. 333; *Pennsylvania Co.* v. *Hankey,* 93 id. 580; *Railroad Co.* v. *Patterson,* 69 id. 650; *Railroad Co.* v. *Asbury,* 84 id. 429; *Railroad Co.* v. *Black,* 88 id. 112.

Risk of injury from the ordinary perils of the service are assumed by the employe, especially when the danger is not hidden. *Railroad Co.* v. *Cox,* 21 Ill. 20; *Gartland* v. *Railroad Co.* 67 id. 498; *Railroad Co.* v. *Durkin,* 76 id. 395; *Railroad Co.* v. *Donohue,* 75 id. 106; *Railroad Co.* v. *Flanigan,* 77 id. 365; *Clark* v. *Railroad Co.* 92 id. 43; *Railroad Co.* v. *Ward,* 61 id. 130; *Camp Point Manf. Co.* v. *Ballou,* 71 id. 417; *Railroad Co.* v. *Eddy,* 72 id. 138; *Railroad Co.* v. *Munroe,* 85 id. 25.

The third of plaintiff's instructions ignores the question of negligence or care on the part of deceased, and directs a recovery upon an incomplete hypothecation of questions of fact. *Railway Co.* v. *Dimick,* 96 Ill. 42; *Railroad Co.* v. *Shacklet,* 105 id. 364.

The instruction as to the measure of damages is erroneous, in that it allows the jury to give such damages as they should deem a fair and just compensation, regardless of the proof. *Railroad Co.* v. *Sykes,* 96 Ill. 162.

Messrs. HYNES, ENGLISH & DUNNE, for the appellee:

There is a legal implication that an employer will adopt suitable instruments and means with which to carry on his business. *Snow* v. *Railroad Co.* 8 Allen, 446.

The servant does not assume the risk of danger arising from the condition of the road, or structures near it. *Railroad Co.* v. *Welch,* 52 Ill. 186.

Appellant had no right to locate the coal bin or fence so near the track as to occasion unnecessary and unusual danger to its employes, without expressly warning them of such danger. *Railroad Co.* v. *Welch,* 52 Ill. 183; *Railroad Co.* v. *Gregory,* 53 id. 272; *Railroad Co.* v. *Fredericks,* 71 id. 294.

That the structure in question was built dangerously near the track, and that defendant was guilty of gross negligence therein, see *Railroad Co.* v. *Russell,* 91 Ill. 298; *Railroad Co.* v. *Pondrom,* 51 id. 333; *Railroad Co.* v. *Welch,* 52 id. 183; *Railroad Co.* v. *Gregory,* 58 id. 272; *Railroad Co.* v. *Oram,* 49 Texas, 341; *Dorsey* v. *Phillips Cons. Co.* 42 Wis. 583.

The third of appellee's instructions is not open to the objection made by counsel, and was properly given. The instruction limits the amount of the recovery to a fair and just compensation for pecuniary loss resulting from such death to the widow and next of kin, and the jury were in no way misled by it.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The appellee brought this action to the June term, 1881, of the Superior Court of Cook county, to recover damages consequent upon the death of her husband through alleged negligence on the part of the appellant. The charge in the declaration is, substantially, that the defendant improperly, unskillfully and negligently constructed a certain wooden wall, in dangerous and close proximity to a certain railroad track, and that the deceased, whilst in the employ of the defendant as a switchman, riding with due care upon a certain locomotive, was struck by said wall, and thereby thrown to the ground, and killed. The plaintiff recovered a verdict and judgment for $4000. The judgment was affirmed by the

Appellate Court for the First District, and the defendant took the present appeal to this court.

It appears· from the evidence that the wall in question formed one side of a coal bin, which was designedly constructed by the defendant in near proximity to a certain railroad coal track on its premises, for the purpose of enabling coal to be shoveled by hand directly into the bin from cars standing on the track. The coal bin extended along the track about three car lengths, beyond and adjoining which was a coke shed or bin, which extended along the same track about six car lengths, to the end of the track. The cars were handled by means of steam locomotive engines, of which the defendant had two or more working day and night. Cars were thus placed upon and taken off this coal track three or four times per day. The process of shoveling from the cars into the bin caused quantities of the coal to fall between the two, and the defendant always had a man employed, who, standing between the cars and the bin, shoveled up the scattering coal and threw it into the bin. Such had been the use of the track and bin since 1863, during which time no accident or injury had occurred in consequence. At the time of the accident, the switchmen, of whom deceased was one, were placing upon this coal track, in the usual manner, a train of five or six cars to be unloaded, the engine running about three miles per hour.

Among the errors assigned is the giving of the following instruction for the plaintiff:

"The jury are instructed that the plaintiff can not recover unless she has proved that she is the administratrix of the estate of the deceased, Michael Morrissey, and that he, the deceased, left him surviving a widow and next of kin who have suffered pecuniary loss by his death; yet if they believe, from the evidence in this case, that the plaintiff is the duly appointed administratrix of the estate of deceased, and that he,

the deceased, left him surviving a widow and next of kin who have suffered pecuniary loss by his death, and that under the instructions and evidence the defendant is guilty as charged in the declaration, they should find for the plaintiff, and may give such damages as they shall deem a fair and just compensation for the pecuniary loss resulting from such death to the widow and next of kin of deceased, not exceeding $5000."

The question of contributory negligence was raised, and was a very important one in the case. This instruction entirely ignores the question of contributory negligence. It purports to be complete in its statement of what will authorize a recovery, and omits the requirement of any care or caution on the part of the deceased. In this respect the instruction is erroneous, as we have heretofore repeatedly held. *Chicago Burlington and Quincy Railroad Co.* v. *Harwood,* 80 Ill. 88; *Chicago and Northwestern Railway Co.* v. *Dimick,* 96 id. 42; *Wabash, St. Louis and Pacific Railway Co.* v. *Shacklet,* 105 id. 364; *City of Peoria* v. *Simpson,* 110 id. 294.

The instruction is objectionable in another respect, under the decision in *Chicago, Burlington and Quincy Railroad Co.* v. *Sykes,* 96 Ill. 162, in that it allowed the jury to give such damages as they should deem a fair and just compensation, regardless of the proof. Such a clause in an instruction in that case was condemned, and it was said of it: "This part of the instruction leaves the jury at liberty to find any amount not exceeding the amount claimed, without the slightest reference to any proof of the amount of damages sustained." Where the verdict of the jury is not more satisfactory upon the evidence than it is in the present case, this court has always insisted upon the importance of accuracy in the instructions to the jury.

For error in the giving of the above instruction, the judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE WALKER: I dissent from this opinion.

Mr. JUSTICE DICKEY: I do not think this instruction is objectionable. It does not purport to give all the facts necessary to warrant a verdict of guilty. Its purpose was to show that certain proofs as to plaintiff being administratrix, and as to there being next of kin who suffered pecuniary loss, were necessary to a recovery at all, and to give the measure of damages in case plaintiff otherwise made out the case alleged in the declaration, which included the exclusion of contributory negligence. I incline to think the judgment ought to be reversed upon other grounds, which I have not time to specify at present; and as a majority sustain this opinion, it may not be important that I should do so.