## Chicago & W. I. R. R. Co. v. John Surowieski.

1. Gross Negligence—*In Case of Injury to Trespasser.*—In a suit against a railroad company for personal injuries, it appeared that a train belonging to the company was stopped upon the railroad track so as to

block a public street; the plaintiff attempted to climb between two cars, the train was started while he was thus engaged, and he was injured. *Held*, that unless the defendant had notice at the time the cars were moved, that the plaintiff was in a position where such movement would be fraught with great danger to him, its conduct can not be said to have been wanton, reckless or gross negligence.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed January 7, 1897.

EDGAR A. BANCROFT, attorney for appellant.

CASE & HOGAN and B. W. ANDERSON, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action brought to recover damages for personal injury resulting to the plaintiff from, as charged in the declaration, " the willful, wanton, reckless and negligent act of the servants of the appellant, in suddenly and without notice, starting and putting in motion one of its freight trains, between two cars of which the plaintiff was attempting to cross."

The evidence upon behalf of the plaintiff tended to show that on the evening of January 19, 1887, he, a minor, being on his way home from his place of employment, was delayed by the blocking of Commercial avenue by the appellant's train, which was standing upon the track across that avenue, which track the plaintiff had to cross in order to reach his home; that he waited about twenty minutes for the train to pass on, and finding that it did not move, attempted to cross over between the cars. At this time it was a little after dark, the engine of the train not being in sight, nor could either end of the train be seen from Commercial avenue. About eighty people on Commercial avenue were waiting for the train to move from the crossing, and some of these, while the street was thus blocked, began to cross it under and between the cars. The plaintiff attempted to do so, and while in the act of cross-

ing, with his foot upon one of the bumpers of a freight car, the train was started in response to a signal given by a trainman, without any signal having been given by ringing a bell or by blowing a whistle. The trainman, when he gave the signal, was at the depot near where people were then crossing under and between the cars. As plaintiff stepped upon the bumper his foot slipped and was caught between two of the freight cars and badly injured.

The judge before whom the cause was tried, in overruling a motion for a new trial, stated that " in his judgment the finding of the jury was contrary to the weight of the evidence, and that if the matter had been submitted for finding to the court without a jury, the court would, upon the evidence heard, have found for the defendant, and that the court was not satisfied with the verdict of the jury, but still was not certain that it ought to be set aside upon the court's opinion as to the weight of the evidence; and further that he desired his opinion of the evidence embodied in the bill of exceptions, so that on appeal the Appellate Court might not think that the verdict was approved by the trial court; that in the opinion of the court the evidence introduced was in favor of the defendant, but that the court was not clear that it ought to disturb the action of the jury."

That the plaintiff was very negligent as regards care for his own safety, and was, in jumping upon appellant's car, a trespasser, can not be disputed. It is, however, insisted by appellee that the conduct of appellant in starting its train as it did was wanton, willful and reckless, and that therefore, under the evidence in this case, the plaintiff is entitled to recover.

Properly speaking, there is no such thing as willful negligence. By negligence is meant an omission to do something which a party ought to do; in the expression is involved a negation of willfulness. A willful act is one which is intentionally done, with a purpose and design to do. A negligent act is the result of an omission only. In the present case, the appellant willfully moved its train,

but there is no evidence tending to show that either it or any of its servants willfully injured the plaintiff; and it is for the injury to the plaintiff that this action is brought, although true it is that the suit is based upon a willful moving of the train.

In an action for personal injury, there is not much, if any, difference between negligence which may be said to amount to wantonness or to recklessness. By either is meant such a disregard of duty as evinces an utter indifference to duty or the rights of others, which is sometimes termed gross negligence. C., C., C. & St. Louis Ry. Co. v. Tart, 12 Cir. Ct. App. 618; Peoria Bridge Ass'n v. Loomis, 20 Ill. 235; Lake Shore v. Pinchin, 13 N. E. R. 677; Lewis v. B. & O. R. R. Co., 38 Md. 588; C., B. & Q. R. R. Co. v. Sykes, 96 Ill. 162; C. & N. W. Ry. Co. v. Coss, 73 Ill. 394; C., B. & Q. R. R. Co. v. Dewey, 26 Ill. 255; 2 Rorer on Railroads, p. 1130; Hudson v. Wabash Ry. Co., 15 S. W. R. 15.

In the present case there is no evidence that the conductor of the train, when he gave the signal to start, knew that appellee or any one else was upon or endeavoring to pass through the train. It appears that the trainmen desired to cut the train in two, so as to leave the crossing clear, and in order to do this, backed the cars for two or three feet, so that it might be uncoupled. The conductor who gave the signal was on the side of the train opposite to that which the plaintiff approached as he attempted to pass through.

Plaintiff attempted to pass and was caught between a box car and a car loaded with coal.

The conductor who gave the signal testifies that he did not see anybody until he cut the train, and there is no evidence tending to contradict his evidence in this regard, although there is evidence showing that if the servants of appellant had gone down to the crossing and there looked, they would have seen the plaintiff and others attempting to pass between the cars.

Unless appellant had notice at the time the signal was given to move the cars, that the plaintiff was in a position where such movement would be fraught with great danger

to him, its conduct can not be said to have been wanton, reckless or gross negligence.

It not appearing that appellant had such notice, the judgment of the Circuit Court is reversed and the cause remanded.