## Illinois Central Railroad Co. v. William F. Farrell, Adm.

1. CONTRIBUTORY NEGLIGENCE—*What is.*—A person who fails to observe due care and blindly walks into danger which the observance of due care would have enabled him to avoid, is no less guilty of contributory negligence than he who by the observance of due care could extricate himself from danger, but failing to make any effort for his personal safety, is injured.

2. INSTRUCTIONS—*Improper Measure of Damages.*—An instruction which tells the jury to allow plaintiff "such damages as you may deem fair and just compensation," without limiting them to the evidence or giving them any rule to estimate the damages, is improper, as leaving the jury to give such damages as they may have deemed the plaintiff ought to recover, according to their individual notions of right and wrong, regardless of the evidence.

**Action on the Case.**—Death from negligent act. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed December 13, 1899.

CHARLES L. CAPEN, attorney for appellant; JOHN G. DRENNAN, of counsel.

EWING, WIGHT & EWING, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case in which the appellee, as administrator of the estate of Mary E. Tones, deceased, seeks to recover from the appellant damages for negligently

causing the death of his decedent upon a public road crossing. A trial was had by jury, which resulted in a verdict and judgment in favor of the appellee for $5,000, to reverse which the appellant brings the case to this court and urges, as grounds therefor, that the verdict is contrary to the evidence, the damages are excessive, and the court gave improper and refused proper instructions.

The declaration contained four counts in all of which it is averred that appellee's decedent was in the exercise of due and ordinary care for her own safety, and was killed as the result of the negligence of appellant.

In the third count, the negligence charged was that the appellant failed to give the statutory signals when the train in question was approaching the road crossing. The appellee pleaded not guilty.

The evidence shows that the deceased was a widow, twenty-five years old, when killed, and left two daughters, one five, the other three years old, the mother supporting herself and children by working as housekeeper for her brother. That about 8:30 o'clock P. M. of November 23, 1898, the deceased was killed at a public road crossing, where the tracks of appellant's railroad crosses it. She was in a buggy at the time, drawn by a horse which was being driven in a good trot by a male companion, who was going with her to a dance at a place beyond the crossing.

They made no stop, nor did they slacken their speed when they approached the crossing, to better enable them to ascertain if a train was about to pass, and when the buggy reached the railroad tracks the locomotive of a passenger train of appellant came along at the rate of about thirty-five miles an hour, struck their buggy and killed both of them instantly. There was a sharp conflict in the evidence as to whether or not the bell was rung or the whistle sounded, in the manner required by statute, as the train approached the crossing.

In this condition of the proof, the court gave the jury, at the request of appellee, the two following instructions:

1. "You are instructed that the law requires that every

railroad corporation shall cause a bell of at least thirty pounds weight, and a steam whistle, to be placed and kept on each of its locomotive engines, and that it shall cause the same to be rung or whistled at the distance of at least eighty rods from the place where the railroad crosses any public highway, and that the same shall be kept ringing or whistling until such highway is reached, and if you believe ·from the evidence that the train in question approached the crossing in question without ringing a bell or sounding a whistle, as required by said law, and that by reason thereof, and as a result of such failure to ring a bell or sound a whistle, plaintiff's intestate, while crossing the defendant's railroad and in the exercise of ordinary care for her own safety, was struck and killed by said train, then your verdict should be for the plaintiff for whatever pecuniary damages you may believe from the evidence the next of kin has sustained by reason thereof."

2. "If you find that the defendant is guilty, under the evidence and instructions of the court, then it is your duty to assess the plaintiff's damages, and in assessing the damages you have a right to take into consideration all of the facts and circumstances shown by the evidence, bearing upon the question, and to allow such damages as you may deem a fair and just compensation, with reference to the pecuniary injuries resulting from the death of the plaintiff's intestate, to her next of kin."

The first instruction was calculated to give the jurors to understand that the court required them to find a verdict for the plaintiff if they believed, from the evidence, that the defendant failed to do those things therein enumerated, and by reason thereof the plaintiff's intestate was killed while crossing the defendant's railroad, and that she was *then* in the exercise of ordinary care for her own safety. While under the evidence, to warrant a verdict for the plaintiff, the jury should have been required to believe that plaintiff's intestate was in the exercise of ordinary care before *attempting to cross* defendant's railroad, as well as *while* crossing it. For "one who, failing to observe due care, blindly walks into danger that the observance of due care would have enabled him to avoid, is no less guilty of contributory negligence than he who, by the observance of due care, could extricate himself from danger, but fails to make any effort

for his personal safety, and because thereof, is injured." C., M. & St. L. Ry. Co. v. Halsey, Adm'r, etc., 133 Ill. 248, and Abend v. T. H. & I. R. R. Co., 111 Ill. 203.

Whether or not the deceased used ordinary care to avoid the collision is shown by the evidence to have been a vital question, and one sharply contested on the trial; therefore the instruction should have been clear and certain on that point and being uncertain and calculated to mislead the jury, it was prejudicial error to give it.

The second instruction told the jury to allow plaintiff "such damages as you may deem fair and just compensation" without limiting them to the evidence or giving them any rule to estimate the damages. This was improper, for it left the jury to give such damages as they deemed the plaintiff ought to recover according to their individual notions of right and wrong, regardless of the evidence. Keightlinger v. Egan, 65 Ill. 235; Rolling Mill Co. v. Morrissey, 111 Ill. 646; and C., C., C. & St. L. Co. v. Jenkins, 174 Ill. 398. The giving of this instruction as drawn was also prejudicial error.

Counsel for appellant urge that the verdict is contrary to the evidence, and the damages are excessive. We will not express an opinion upon these questions, because we have concluded to reverse the judgment upon appellee's erroneous instructions.

As to appellant's refused instructions, we will say that the court properly refused them all, for some invade the province of the jury on questions of fact, and others do not properly state the law applicable to the evidence, so appellant has no right to complain on that score.

On account of the two erroneous instructions above mentioned, we reverse the judgment of the Circuit Court and remand the case for a new trial. Reversed and remanded.