## William F. Farrell, Adm., v. Illinois Central Railroad Co.

1. APPELLATE COURT PRACTICE—*Records to be Made in the Trial Courts.*—It is for the trial court to make the record in the first instance and it is the right of any party to have the transcript filed in the Appellate Court conform to the record as made by the trial court. It is the duty of this court to consider the record as certified from the trial court.

Trespass on the Case.—Death from negligent act. Error to the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

EWING, WIGHT & EWING, attorneys for plaintiff in error.

CHARLES L. CAPEN, attorney for defendant in error; JOHN G. DRENNAN, of counsel.

MR. JUSTICE WRIGHT delivered the opinion of the court.
This case was before us at a former time, and is reported in I. C. R. R. Co. v. Farrell, 86 Ill. App. 436, and was then reversed and remanded for a new trial for reasons stated in the opinion. On the second trial the jury found the issues for the defendant, and the trial court having approved the verdict and given judgment against the plaintiff in bar of the action, we are asked by the plaintiff in error to reverse that judgment for alleged errors in the instructions of the court to the jury.

The original bill of exceptions did not contain the evidence in the case, merely reciting that the evidence tended to prove certain designated facts upon which the court gave the instructions of which complaint is made. The defendant in error, not content to rest the judgment upon the record as brought here by the plaintiff in error, has supplemented it by a further record containing all the evidence heard upon the trial, in order, as counsel insist, the court may determine whether the instructions were misleading and erroneous in view of all the evidence, as argued by counsel

for plaintiff in error. It is, however, objected by plaintiff that defendant has no right to thus supplement the record brought into this court by him. It was, we think, for the trial court to make the record in the first instance, and having been made, as it was, it is the right of any party to the suit to have the transcript filed in this court conform to the record as made by the trial court, and it is then the duty of this court to consider the record as certified from the trial court. Such records, when properly made and certified, import verity and can not be disregarded. We therefore conclude that the evidence in the case is as much before us as the instructions, and that being true, the propriety and effect of the instructions of the court is to be considered and determined as in other cases. We have, therefore, examined the instructions complained of, in the light of the whole evidence, and are compelled to say that as a whole, when applied to the evidence, they are not misleading, nor so far inaccurate as the criticisms put upon them by counsel for plaintiff would imply. While some of them may not be wholly accurate when abstractly considered, yet when applied to the evidence in the case, and to the points to which they relate, it is easily discovered no prejudicial or harmful effect could have been produced by them. Upon the whole we are of the opinion that the law was as fully and fairly given to the jury, upon the vital issues in the case, as the rights of plaintiff demanded.

Finding no reversible errors in the iustructions of the court, the judgment will be affirmed.