Brink's Chicago City Express Co. v. Samuel P. Herron.

1. INSTRUCTIONS—*That Jury May Assess Damages at Whatever Amount They May Agree Upon, Not Exceeding the Ad Damnum.*—An instruction which tells the jury that if they believe from a preponderance of the evidence that defendant's employe was in the line of his duty,

driving a wagon of the defendant, and by such employe's negligence
and carelessness the plaintiff was injured as charged, and sustained
damages as charged without any fault upon his, the plaintiff's, part,
then they should find for the plaintiff and assess his damages at what-
ever amount they may agree upon, not exceeding $20,000, is erroneous,
as by it the jury are told that they may assess damages for the plaintiff
at whatever amount they may agree upon, not exceeding the *ad dam-
num*, whereas they are not at liberty to award whatever amount they
may agree upon, but only such sum as the evidence warrants.

2.   SAME—*Authorizing a Recovery for Negligence Not Charged in the
Declaration.*—An instruction which authorizes a recovery for negli-
gence not charged in the declaration is erroneous.

**Trespass on the Case,** for personal injuries. Appeal from the Cir-
cuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge pre-
siding. Heard in the Branch Appellate Court at the March term, 1902.
Reversed and remanded. Opinion filed November 28, 1902.

**Statement.**—Appellee brought this suit to recover dam-
ages for personal injuries received by him on or about the
3d day of July, 1896. He was a passenger on one of the
cable trains of the Chicago City Railway Company, which
was at the time on Wabash avenue, in the city of Chicago,
between Fourteenth and Sixteenth streets. It consisted of
two cars and a grip car. The car was coming down into
the city, and was on the east or north-bound track, there
being also a west or south-bound track in the street. One
of appellant's express wagons, with a top or covering, and
drawn by two horses, was proceeding south on Wabash
avenue, in charge of the driver and his helper. The wheels
of this wagon were on the rails of the south-bound or west
track. The driver was going south in the south-bound
track, and he was driving along at an ordinary trot. The
wagon at the time had on a load of about 3,500 pounds.

It thus appears that the wagon and cable train were
going in opposite directions. At the time appellant's wagon
and the cable train were about to pass each other, another
wagon, not belonging to appellant, drawn by two horses
and going in the same direction, was driving along on the
west side of appellant's wagon and attempted to gain the
track ahead. This team pulled in ahead of appellant's in
such a manner that appellant's team was forced in toward

the car by the other wagon coming against them, causing the pole of appellant's wagon to strike the car on which appellee was riding. Appellee received an injury to his left arm and side. He was seated on the west side of the rear car. It is claimed that the turning in of the other team ahead was so sudden and unexpected that although appellant's driver attempted to stop he was unable to do so in time to prevent the collision.

There is some evidence to the effect that both drivers were standing up, urging their horses and racing them down the street.

The declaration contains two counts, both of which substantially charge the negligence of appellant to be in " driving said team of horses in and against the side of said car."

At the close of plaintiff's case, and again at the close of all of the evidence, appellant moved to have the jury instructed to find the defendant not guilty. Said motions were overruled, and exceptions preserved. Judgment was entered against the appellant, from which the latter now appeals.

F. J. CANTY and JOHN B. BRADY, attorneys for appellant; J. C. M. CLOW, of counsel.

LONGENECKER & LONGENECKER, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellant that by the evidence in this case no negligence was shown on the part of appellant; that the verdict is against the weight of the evidence; that no act of the driver of appellant's wagon is shown to have been the proximate cause of the injury; that there was an independent intervening cause and that a verdict ought to have been directed in favor of the appellant.

The evidence is not conflicting as to the manner in which the accident occurred. It seems to be generally agreed that the appellant's wagon was upon the west or south-bound of the two tracks of the street railway upon Wabash avenue; that it was moving south, and that as it was passing the

north-bound street car, which was on the north-bound or easterly of the two parallel tracks, another wagon, driven at a faster rate than appellant's, crowded in ahead of the latter's wagon upon the south-bound track in such a manner as to strike appellant's horses, swerving them suddenly over toward the east, so that the pole of appellant's wagon came in contact with the car, before they could be stopped, causing the injury complained of by appellee.

There is some apparent conflict with reference to the speed at which the two wagons were going. The preponderance of testimony is that appellant's team was moving at a fast trot, and one of appellee's witnesses states on cross-examination that the drivers of the two wagons were " standing up, running their horses," and, as he says, " slashing their horses." In this that witness does not appear to be corroborated, but he agrees with the other witnesses that appellant's wagon "had the track," and was forced out of it by another wagon, which was trying to get in ahead of it on the same track; and there is other testimony tending to show that the two teams had been going for more than a block, side by side at a rapid rate.

Appellee's attorneys urge that the admitted facts show negligence on the part of the driver of appellant's team. Their contention is thus stated : " Whether he was crowded into the car by the other team matters not, for if Brink's team had not been on the track and striving to hold the track the accident would never have occurred. It is negligence for a person to be driving on the railroad track, and greater negligence to be driving in a trot on the railroad track; and to drive in a fast trot still greater negligence; and to be striving to hold the track against another team seeking to obtain the track is also negligence." Whether these things constituted negligence or not is dependent upon the circumstances of the particular case, and is a question of fact for the jury.

We refrain, however, from further consideration of the facts, inasmuch as the case must be retried. There is sufficient controversy upon the main question, viz., whether

appellant's driver, by negligence, contributed to the injury, and as to the amount of damages appellee is entitled to recover, to render it necessary the jury should be correctly instructed. The first of the instructions given in behalf of appellee told the jury that if they believed from a preponderance of the evidence that appellant's employe was, in the line of his duty, " driving a wagon of the defendant, and by such employe's carelessness and negligence the plaintiff was injured as charged and sustained damages as charged without any fault upon his, the plaintiff's, part, then they should find for the plaintiff and assess his damages at whatever amount they may agree upon, not exceeding $20,000."

By this instruction the jury were told that they could assess damages for the plaintiff " at whatever amount they may agree upon " not exceeding the *ad damnum*, whereas they were not at liberty to award whatever amount they might agree upon, but only such sum as the evidence warranted. Instructions of this character have frequently been condemned.

In Waldron v. Marcier, 82 Ill. 550–553, the jury were instructed if they found for the plaintiff to allow such damages as they believed from the evidence she was entitled to. " It should have been," says the court, " such damages as she had sustained; and not have given to the jury the wide latitude of allowing her such damages as they might deem that she was entitled to." In City of Freeport v. Isbell, 83 Ill. 440–443, it is said : " The law required the jury to determine the liability of the defendant from the evidence, and from that alone; and an instruction which would permit them to enter into an open field of investigation can not be sustained." The following are some of the cases of like character : C., B. & Q. R. R. Co. v. Sykes, 96 Ill. 162–173; Rolling Mill Co. v. Morrissey, 111 Ill. 646–650; C., C., C. & St. L. Ry. Co. v. Jenkins, 174 Ill. 398–409; Fitzsimmons v. Munch, 79 Ill. App. 538–543; I. C. R. R. Co. v. Farrell, 86 Ill. App. 436–439.

The objection that the instruction authorized a recovery

for negligence not charged in the declaration, is also well taken.    C. & A. R. R. Co. v. Rayburn, 153 Ill. 290–292.

Again, the instruction in question is at least loosely drawn, in that it is open to the objection that it might be considered as assuming that the plaintiff was injured by the carelessness and negligence of the defendant's employe.    It was a question of fact for the jury to determine whether or not there was any such carelessness or negligence on the part of appellant's employe.

It is said that the third instruction given in behalf of plaintiff cures the impropriety above referred to.    The third instruction told the jury that "in estimating the amount of damages to be awarded, they have a right to take into consideration the actual damages, if any," etc.    This still left them at liberty to assess whatever amount they might agree upon, with permission to consider actual damages, but without reference to whether any such were shown by the evidence or not.

There is controversy as to whether the damages are excessive, and as the jury were not correctly instructed in that regard, their award is deprived of the weight in that respect to which it might be otherwise entitled.

The judgment of the Circuit Court will be reversed and the cause remanded.