224          CITY OF CHICAGO *v.* MURPHY.          [Sept. T.

Opinion of the Court.

# THE CITY OF CHICAGO

*v.*

# MARGARET MURPHY.

MUNICIPAL CORPORATION—*liability for injury from defects in sidewalk.* Where the evidence fails to show that the city authorities had notice that a plank in a sidewalk was loose, which caused a personal injury, or such circumstances as that they, in the exercise of a reasonable diligence, should have known it was loose, the city will not be liable to the person injured.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. EGBERT JAMIESON, for the appellant.

Per CURIAM: This was an action on the case, by appellee, against appellant, to recover for injuries received by reason of a defective sidewalk.

The jury, after being instructed by the court, returned a verdict in favor of the plaintiff for $750, upon which the court, after overruling appellant's motion for a new trial, gave judgment.

The only point made against the judgment is, that it is unauthorized by the evidence.

The case made by plaintiff is, as she was passing along on a sidewalk composed of planks, a gentleman in front of her, stepping on a loose plank, threw the end up, so that she struck it with her leg, a little below the knee, inflicting, as her physician testifies, a painful but not permanent injury.

The evidence fails to show that the city authorities had notice that the plank was loose, or such circumstances as that they, in the exercise of a reasonable diligence, should have known that it was loose. The only evidence showing that the plank had been known to be loose before the injury received by appellee, is, that, about a week before that event, a woman had taken a plank up about that place to search for a five cent piece which she had dropped, and that a young man, or boy, had subsequently nailed it down as well as he could. Assuming

this was the same plank, it does not appear when it again became loose. A number of witnesses passed over the sidewalk but recently before the accident, and failed to discover the loose plank; and it does not appear that any defect was at any time noticed in the sidewalk which was deemed worthy of communicating to those of defendant's agents who have charge of streets and sidewalks. We think the point well made.

The judgment is reversed.

*Judgment reversed.*

Mr. JUSTICE DICKEY did not participate in the consideration of this case.