# CITY OF JOLIET
## v.
# HELENA GERBER.

*Municipal Corporations—Defective Sidewalks—Personal Injuries—Liability—Notice of Defects.*

Where the evidence, in an action against a municipal corporation for injuries resulting from a defective sidewalk, fails to show that the municipal authorities had notice of the defect complained of, or such circumstances as that they in the exercise of a reasonable diligence should have known of such defect, the defendant will not be liable to the person injured.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. FRED. BENNITT, for appellant.

Mr. J. L. O'DONNELL, for appellee:

Where a sidewalk is in such a condition merely by reason of age or decay that it is likely to be dangerous, and a plank therein causes an accident, no knowledge on the part of the city of the looseness of that particular plank need be shown. The city will be chargeable with knowledge of its general condition. Weisenburg v. City of Appleton, 26 Wis. 56; Sherwood v. Dist. Columbia, 3 Mackey, 276.

WELCH, J. This was an action on the case brought by appellee against appellant to recover for injuries received by reason of a defective sidewalk. The declaration contains two counts averring that the appellant permitted and suffered a certain sidewalk on the west side of Chicago Street to become dangerous and that the appellee, in the exercise of ordinary care, while walking along and over said sidewalk fell through and upon said sidewalk and her right leg and right arm were

injured.  The second count avers that by reason of the injuries sustained she was hindered and prevented from prosecuting her ordinary avocations and suffered great anguish of body and mind to her damage, etc.  Plea of not guilty.  Trial, verdict for appellee assessing her damages at $500.  Motion for new trial, motion overruled, judgment on the verdict, from which this appeal is taken.  Various errors are assigned.  In the view we take of this case we shall only notice the sixth error assigned, that the verdict is contrary to the law and the evidence.

On the 25th day of June, 1884, as the appellee was returning home in front of Mr. Adler's lot at the northeast corner of Chicago and DeKalb Streets, she fell on the sidewalk.  As she states, she "went down with the plank; just the right limb went down ; the plank did not break."  Her husband was walking a little in front of her ; she and her husband and two children had passed over that walk going down town some two hours before.  Her husband states that when they passed over it going down town "it was all right at that time."  When he passed over the walk on his return home the plank, he states, must have been on the stringers ; he saw nothing wrong with it ; would have seen it certainly if it had been off the stringers ; the plank was not broken ; don't know how it got off the stringers and got down in the hole then.  Mr. Martin, a witness for appellee, stated on his examination in chief that he knew the sidewalk ; that some of the planks were loose prior to the appellee being hurt—he thinks it was in April or May that they were loose.  On cross-examination he says: "I do not mean to say that in the month of May, 1884, that there were any loose planks there, did not notice them in particular."

Fanning, a witness for appellee, says :  "Know the vacant lot on DeKalb and Chicago Streets.  The sidewalk was repaired about a couple of years ago.  I noticed it every time I walked down town, once or twice a day.  There were places on Chicago Street worse, and some a good deal better.  Some of the planks were not well secured.  In 1884 there had been some planks loose.  Could not say how long before June as to their

being loose." On cross-examination he says: "I noticed only one loose; it was five or six planks from DeKalb Street; remembered that in June, 1884, there was first one plank five or six planks from the south end that was loose at one end."

Ryan, witness for appellant, says: "I know the sidewalk in front of the Adler lot; consider it in fair condition; passed over it from two to thirty times a week; before and up to the time Mrs. Gerber was hurt I passed over the walk four times a day; I did not see any loose planks in the walk."

Adler, witness for appellant, says: "My father owns the lot at the corner; always kept an eye on the walk and if there was need repaired the sidewalk; prior to the time Mrs. Gerber was hurt the condition was pretty good; I did not discover any loose planks; walked over it and saw it frequently." Collins, Furlong, Murphy and Murray state that they had passed over the sidewalk frequently and never saw anything the matter with it. This was all the evidence as to the condition of the walk. In our view the evidence fails to show that the city authorities had notice that the plank was loose, or that the condition of the sidewalk was such that in the exercise of a reasonable diligence it should have known that it was loose. Most of the witnesses had passed over the sidewalk daily and had not discovered any loose planks. The appellee and her husband had passed over it about two hours before the injury. He states he saw nothing wrong with it. Fanning says he saw one plank loose at one end in June, whether it was before or after the injury is not stated. No notice of any defect in the sidewalk was ever given to those of appellant's agents who had charge of streets and sidewalks. As held in City of Chicago v. Margaret Murphy, 84 Ill. 224, " When the evidence fails to show that the city authorities had notice that the plank was loose, or such circumstances as that they in the exercise of a reasonable diligence should have known it was loose, the city will not be liable to the person injured."

We hold that no recovery for the appellee could be sustained under the law and facts in this case.

*Judgment reversed.*