# City of Joliet

## v.

## Michael Meaghan.

| 22 | 255 |
| 96 | ¹292 |

*Municipal Corporations—Defective Sidewalk—Action for Personal Injury—Liability of Defendant, Denied.*

1. A municipal corporation is not an insurer against accidents to individuals upon its sidewalks, but is only bound to exercise reasonable diligence in keeping them in a reasonably safe condition.

2. In an action against a municipal corporation to recover damages for an injury resulting from a defective sidewalk, this court reverses a judgment for the plaintiff on the ground that the verdict is contrary to the law and evidence.

[Opinion filed January 15, 1887.]

Appeal from the Circuit Court of Will County; the Hon. George W. Stipp, Judge, presiding.

Messrs. Olin & Phelps, for appellant.

Mr. C. W. Brown, for appellee.

Welch, J.   This was an action brought by the appellee to recover damages from the appellant for injuries claimed to have been caused by the negligence of the appellant.

The declaration contains three counts.   The first "avers that on June 23, A. D. 1882, the defendant had control of Ottawa Street, in said city of Joliet, but wrongfully and negligently suffered the sidewalk there to be and remain in bad and unsafe condition, and divers of the planks thereof to be and remain broken and unfastened, by means whereof the plaintiff, who was then and there passing along and upon said sidewalk, then and there necessarily and unavoidably tripped and stumbled upon and against one of said broken and unfastened planks of said sidewalk, and was thereby thrown and fell, injuring his right knee."   Second count "avers that defend-

ant was incorporated, and under its charter had the right to build and keep in repair sidewalks along its streets; that prior to said 23d day of June, 1882, under its charter it took possession and control of the sidewalk on the east side of said Ottawa Street; and on June 23, 1882, a plank, a part of said sidewalk, was so loosely lying as to make it dangerous for persons to pass along and upon such sidewalk and that defendant well knowing the premises, while it had the care and control of such street and while the sidewalk was out of repair, then and there carelessly and wrongfully suffered and permitted the sidewalk to be and to continue, and the same was out of repair, and on June 23d plaintiff was passing along such sidewalk with ordinary care, and was then and there necessarily and unavoidably thrown down by the raising of the loose plank aforesaid, and fell, greatly bruising and wounding his right knee, etc."

Third count "avers that said sidewalk was out of repair, several of the boards thereof being loose, and not properly fastened to the stringers of the same; that defendant knowing the same and having control of said street, carelessly permitted the sidewalk to be and continue, and the same was out of repair, by means whereof the plaintiff, who was passing along and over the said sidewalk exercising ordinary care, was caught and tripped by the raising of one end of a loose and improperly fastened board, the other end of the same board having been stepped on by another person passing along the sidewalk with ordinary care, and thereby the plaintiff was thrown upon the ground and his right knee injured, etc." Plea of not guilty. Trial, verdict for plaintiff for the sum of $400. Motion for new trial; motion overruled and judgment on verdict for the sum of $400 and costs. From which this appeal is taken. Various errors are assigned.

In the view we take of this case we do not deem it necessary to notice but the tenth and eleventh assignments of error. The tenth states that the verdict is contrary to the evidence. The eleventh states that the verdict is contrary to the law. We shall treat these assignments as being one—that the verdict is contrary to the law and the evidence.

City of Joliet v. Meaghan.

" A municipal corporation is not an insurer against accidents to individuals upon its streets or sidewalks, nor is it liable for any defect therein, though such defect may be the cause of the injury complained of.   It is only bound to exercise reasonable diligence in keeping its streets and sidewalks in a reasonably safe condition."   The gravamen of the charge in each of said counts is that the sidewalk on which the appellee fell and was injured was out of repair, several of the boards being loose and not properly fastened to the stringers of the same; that appellant, knowing the same and having control of the same, carelessly permitted the sidewalk to be and continue out of repair, by means whereof the appellee, whilst passing over the said sidewalk exercising ordinary care, was caught and tripped by the raising of one end of a loose and improperly fastened board, etc.   Under the law, before the appellant could be held liable appellee was required to prove, by a preponderance of the evidence, that the sidewalk was in the condition as stated by him in some one of the counts of his declaration, and that the appellant had knowledge of such condition, actual or constructive, and suffered and permitted the same to continue and remain out of repair.   We have carefully examined the evidence in this record, and we have been unable to find any evidence tending to show actual notice to the appellant; nor were such facts shown from which notice could be inferred; nor that the officers of the appellant, by the exercise of ordinary diligence, could have known that the sidewalk was in the condition as claimed.   The evidence as to loose planks having been seen by Moore and appellee on a previous occasion, was as follows : Moore states that the planks he saw loose he threw out, but that they were replaced the same day and fastened.   Appellee states that on the occasion that he saw the loose board, that it was replaced the same day.   The point where the appellee fell was not at the point in the walk where the planks had been thrown out by them. Mr. High, who built the walk, and before whose gate appellee fell, states that the walk was well and substantially built; that it was in a reasonably good condition; that he examined the walk frequently, and whenever he saw a loose board he spiked

it down; that the walk was in front of his house and he passed over it frequently, and that it had been in a reasonably safe condition all the time. The condition of the walk as described by Cunningham is of a character too indefinite and uncertain as to time to furnish any information as to its condition when appellee received his injury.

Egan's evidence is in regard to the condition of the sidewalk in the summer of 1883, over a year after the injury to appellee; specific objection having been made to his evidence on this ground, the objection should have been sustained. The only times fixed with any definiteness of any loose planks in said sidewalk is by Moore, appellee and Mr. High. Moore and appellee each say the planks were replaced on the same day; they saw them loose and thrown out, and Mr. High states that he always replaced and spiked the planks when they were out or loose; that he watched the condition of the walk, and that it was good. The planks that are shown to have been loose and thrown out could not have been more promptly replaced than they were, as shown by Moore, appellee and Mr. High. In the view we take of the evidence in this case, and under the law, no recovery can be sustained in favor of the appellee.

*Judgment reversed.*