## Woodward Norris v. Margaret E. Warner.

1. VICIOUS ANIMALS—*Neglect of the Owner.*—If the owner of a dangerous and vicious domestic animal neglect to take proper care to prevent it from doing mischief to others after he has knowledge of its vicious propensities, he will be liable for the damages.

2. EVIDENCE—*Of Vicious Animals—General Reputation Improper.* In an action to recover damages for injuries sustained by being bitten by a dog, it is error to permit the plaintiff to prove, over the objection of the defendant, the general reputation of the dog for viciousness and the manner in which the public acted toward him.

3. SAME—*Of a Dog's Viciousness Toward Other Dogs, Improper.*— In an action for damages resulting from the bite of a dog, under a declaration charging that he was "accustomed to attack and bite mankind," it is error to admit over the objection of the defendant, evidence showing that the dog was vicious toward other dogs and was accustomed to attack them.

4. SAME—*Error in Admitting, Not Cured by Excluding.*—When the court admits improper evidence on the trial of a cause, the error is not cured by subsequently excluding it from the jury.

5. DAMAGES—*To be Assessed upon the Evidence.*—An instruction which does not restrict the damages to those disclosed by the evidence and does not confine the jury to the evidence in assessing them is erroneous.

**Trespass on the Case.**—Injuries resulting from the bite of a dog. Error to the Circuit Court of Grundy County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1894. Reversed and remanded. Opinion filed May 28, 1895.

S. C. STOUGH, attorney for plaintiff in error.

E. L. CLOVER, attorney for defendant in error.

Mr. Justice Harker delivered the opinion of the Court.

This was an action on the case brought by appellee to recover damages for injuries sustained by her from being bitten by a vicious dog belonging to appellant. She recovered a judgment for $1,100.

The declaration averred that Norris kept a dog which he knew was accustomed to attack and bite mankind, and that he did attack and bite the plaintiff, thereby lacerating the flesh of her right arm and breaking the bones of it.

The evidence shows that Norris and Mrs. Warner and her husband were near neighbors; that Norris owned a large Newfoundland dog which he permitted to run at large; that Mrs. Warner had fed the dog on several occasions from the kitchen door; that about half an hour before she was attacked, she had thrown him a soup bone; that while she was in her house feeding a stray cat a dish of milk the dog came in and that when she attempted to drive him out, he attacked her. The evidence shows that he lacerated the fleshy part of her right arm and broke two bones of it. The attack of the dog was vicious, and the injuries received so severe that the judgment should not be disturbed, unless, in the admission of evidence or instructions to the jury, such errors appear as require a reversal.

The grounds of liability in cases of this character are the vicious and dangerous propensities of the domestic animal and neglect upon the part of the owner to take the proper care to prevent it from doing mischief to others, after the owner has knowledge of its vicious propensities. 1 Chitty on Pleading, 82; Pickering v. Orange, 1 Scam. 338; Stump v. Kelley, 22 Ill. 140.

In this case, there was a conflict in the testimony as to the disposition of the dog. Three or four witnesses for the plaintiff testified that he was cross and was in the habit of growling at persons, and otherwise showing a disposition to attack them. Eight or ten witnesses for the defendant, who were well acquainted with the dog, testified that he was kind and gentle, and had never to their knowl-

edge manifested a disposition to bite people. One boy tes-
tified to having been bitten on the finger by him, but on
cross-examination admitted that he had on occasions before
then, teased him. It was the habit of the boys of the town
to throw stones at the dog, and otherwise tease him, and on
such occasions the dog would, very naturally, manifest some
ugliness of disposition. Taking all the testimony together,
considerable doubt arises as to whether the dog had, before
its attack upon Mrs. Warner, manifested such a propensity
to attack and bite mankind, as to require its owner to chain
or muzzle him. At all events, the record presents such a
case that we can readily see how an error in the admission
of evidence or the giving of instructions would be prejudi-
cial.

The plaintiff was permitted over the objections of the de-
fendant to prove the general reputation of the dog for
viciousness and the manner in which the public acted toward
him. This was, of course, erroneous. It is true, the court
subsequently excluded this testimony from the jury, but at
that time its vice doubtless had worked itself upon their
minds and could not be entirely eradicated by the second
ruling of the court.

The plaintiff, against objection, was permitted to show that
the dog was vicious toward other dogs and was accustomed
to attack them. This was not pertinent to the issue and
was harmful. The declaration charged that the dog was
" accustomed to attack and bite mankind," not other dogs.
The evidence should have been confined to the habits of
the animal with reference to attacking and biting per-
sons. We know as a matter of experience that some dogs
are savage and ferocious toward other dogs and yet of
a different disposition toward persons. The charge in a
declaration against the owner of the dog for damages in
attacking a man when the owner knew that it was accus-
tomed to attack men is not proven by showing that it was
in the habit of attacking other dogs. Keightlinger v. Egan,
65 Ill. 235.

In behalf of the plaintiff the court gave to the jury the
following instruction :

Norris v. Warner.

"7. The court instructs the jury that if you find the defendant guilty, then in estimating the damages you are at liberty to consider the health and condition of the plaintiff before the injury complained of as compared with her present condition, so far as her present condition may be the consequences of such injury, and whether the injury is permanent, and how far it is calculated to disable the plaintiff from engaging in those pursuits and employments for which, in the absence of the injury, she would have been qualified, and also the physical and mental suffering, if any, to which she has been subjected, or may be subjected by reason of the injury, and to allow such damages as in the opinion of the jury will be a fair and just compensation for the injury which the plaintiff sustained from the injury complained of. If you find for the plaintiff you will be required to determine the amount of her damages. On this point the court instructs you that in estimating the damages, if you find for plaintiff, you will consider her bodily pain and suffering, if any, occasioned by the injury, or in consequence of the injury, and in case you find the plaintiff has not yet recovered from her alleged injuries or that by such injury she is permanently disabled, then you should take such fact into consideration in estimating her damages."

This instruction was erroneous because it did not restrict the damages to those disclosed by the evidence and did not confine the jury to the evidence in assessing them. The measure of damages should not rest in the opinion of the jury but upon the evidence. City of Freeport v. Isbell, 83 Ill. 440; Martin v. Johnson, 89 Ill. 537; Rolling Mill Co. v. Morrissey, 111 Ill. 646.

To the criticism of the plaintiff's eighth instruction, that it entirely ignored the position of the defense that the dog was provoked to make the attack by the conduct of the plaintiff, we reply that the instructions given for the defendant made that feature so prominent that we do not think any harm was done the defendant by the giving of it.

For the other errors indicated we are of the opinion the judgment should be reversed and the cause remanded for another trial.