## City of Savanna v. Adelbert Trusty.

93    487
96   ¹293
s98    278

1.  SIDEWALKS—*Evidence of Defects at Points Beyond the Place of an Injury.*—In a suit against a city brought for an injury received by reason of an alleged defective sidewalk not less than thirty-three nor more than fifty feet north of a certain cross street, it is error to admit proof of defects in the sidewalk for a distance of five hundred and seventy-five feet north of the cross street.   While a reasonable latitude must be allowed in such a case, because of the inability of witnesses to recollect the precise location either of injuries or defects, yet a city can not be compelled to litigate the condition of its sidewalks at points clearly beyond the place of injury.

2.  SAME—*Cities Not Insurers of the Safety of Sidewalks.*—Where a street commissioner in charge of the sidewalks of a city carefully repaired a sidewalk less than two months before an injury received thereon, and again only three days before, the court will hesitate to sustain a verdict against the city for an injury caused by a defect therein, for a city is not an insurer of the safety of its sidewalks.

Trespass on the Case, for personal injuries.   Appeal from the Circuit Court of Carroll County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the October term, 1900.   Reversed and remanded. Opinion filed February 13, 1901.

B. F. LICHTENBERGER and D. S. BERRY, attorneys for appellant.

D. & T. J. & J. M. SHEEAN, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On May 20, 1899, in the evening, Adelbert Trusty was walking south on a sidewalk on the west side of Main

street, in the city of Savanna, and when he had nearly reached Calhoun street, which crosses it at right angles, an accident happened to him by reason of a loose board or plank in the sidewalk. According to his testimony, he set his left heel on the front edge of a loose plank, the bottom of which was uneven, and this caused the rear edge of the plank to tip up, and he caught his other foot upon said edge and fell. Several witnesses testify what he told them was that he stepped on a loose plank, and it flew up and hit him in the breast. However it may have occurred, he was seriously injured. He brought this suit to recover damages for the injury, and on a jury trial had a verdict for four thousand dollars. A motion for a new trial was denied, and judgment rendered on the verdict. Defendant appeals.

This was a sparsely settled part of the city, near its north end. No street crossed Main street north of Calhoun street. This sidewalk extended five hundred and seventy-five feet north of Calhoun street, and then stopped at the open country. Plaintiff testified he was injured about fifty feet north of Calhoun street. He afterward pointed out the place to others, and they testified the place and plank he pointed out was between thirty-three and thirty-four feet north of Calhoun street. Another witness testified the place was between forty and fifty feet north of Calhoun street. The court permitted proof of the condition of that sidewalk at, and for a long time prior to the injury, to be introduced by plaintiff, covering the whole sidewalk for the entire length of five hundred and seventy-five feet north of Calhoun street. It is clear that the testimony of some of the witnesses for the plaintiff related to a point about five hundred feet north of the place of the injury. As to many other of plaintiff's witnesses, it is impossible to tell whether the loose boards or planks they talk of seeing were near where plaintiff was injured, or much farther north. Defendant interposed many objections to permitting this inquiry into the condition of the sidewalk at a point so remote from the place of injury, and the objections were

overruled and exceptions taken.   We are of opinion it was error to permit so great a latitude in the testimony.   There was only a space of twenty feet between the different locations given by the various witnesses.   No doubt some latitude should be extended even beyond that, as witnesses who are called to testify to the condition of the walk may not remember the precise spot where they have seen defects. But to permit defects to be proven at a point five hundred feet distant is imposing upon the defendant the necessity of trying an issue not involved in the case, and proof upon that subject was calculated to mislead the jury.   The testimony introduced by plaintiff tends to show that this entire sidewalk from Calhoun street north was built at the same time, and it is claimed by plaintiff that it was alike in construction, width, material and method of fastening to stringers, and was subjected to the same use by practically the same number of persons, and therefore notice of loose boards five hundred feet north of this point would be notice to the city that loose boards were liable to occur at this particular place.   This reasoning is ingenious, but we are of opinion it is unsound, as applied to the facts of this case.   In the first place, it makes it necessary for the defendant to go into the question whether or not the walk was throughout its entire length alike in construction, width, material, method of fastening to stringers, and subjected to the same use by practically the same number of persons, and whether the entire walk was built at the same time, and whether the northern portion had been repaired as much as the southern.   It requires the city to defend as to the condition of the walk throughout its entire length. Again, the proof shows that the ground in this part of the city was very uneven; that in some places the sidewalk rests upon or very close to the ground, so that the earth comes against the stringers, while in other places the stringers rest upon stone piers quite a distance above the ground, and that it did so rest at the place where plaintiff was injured; and that where the walk is near the ground, the sidewalk rots much more rapidly than where it is some dis-

tance above the ground. The city certainly ought not to be required in this action to show whether the sidewalk, in its northern end, rested ,upon the ground, and was more or less liable to decay than the southern end. The first seventy-five or one hundred feet north of Calhoun street covers every possible claim as to the place where plaintiff was injured and the sidewalk immediately contiguous thereto. The city could not be expected or required to meet the proof offered by plaintiff as to the condition of the walk five hundred feet away from the place of injury, and we conclude that the admission of this testimony worked serious prejudice to the defendant in this case, and was reversible error.

We are not satisfied that the verdict ought to be sustained upon the merits. According to the proofs before us, there was no defect in the sidewalk at or near the place where Trusty was injured visible to those who passed over it. There is very little testimony for plaintiff that there had been any loose boards or planks discovered by any one near the place of injury for a long time prior thereto. On March 23, 1899, the street commissioner had carefully repaired this portion of the sidewalk, going over it with lumber and with a gang of men, examining the sidewalk carefully, taking hold of different planks to see whether they were firmly in place, and making all repairs which the examination then made, disclosed were required. On May 17, 1899, only three days before plaintiff was injured, the street commissioner again went over this portion of the walk, and carefully inspected it, and tested the boards to see if they were firmly in place, and when there were any indications they were not, he got off the walk, and took hold of boards that possibly might be loose, and attempted to lift them. All this is not disputed. It is difficult to see what more the city could have done. The city is not an insurer of the safety of its sidewalks. The great preponderance of the evidence is that the south one hundred feet of this walk was to all appearances in a safe condition.

The judgment is therefore reversed, and the cause remanded for a new trial.