## City of Elgin v. Louis A. Nofs.

1. EVIDENCE—*Of Condition of Bridges Prior to Accidents.*—A municipal corporation is liable for injuries caused by the insecure condition of its bridges when it has reasonable notice of such, and testimony as to the condition of such bridge prior to the time of an accident, is admissible, but only for the purpose of showing that the defect by which the injury was occasioned had existed for such a length of time that the municipal authorities must be presumed to have had notice of it.

2. SAME—*Of Condition of Bridges Prior to Accidents, When Not Admissible.*—Where an injury is not caused by any general breaking down or insecure condition of a bridge generally, testimony as to

its condition years prior to the accident, which does not tend to throw light upon the question as to whether the municipal authorities are presumed to have had notice of the defect by which the plaintiff was injured, is not admissible.

3. INSTRUCTIONS—*Are to be Based upon Testimony Heard by the Jury.*—An instruction which tells the jury that in determining the amount of damages they are to consider certain things if the evidence so shows, and having done so, may allow the plaintiff such a sum in damages as they think will fully compensate him for the injuries sustained, where they have heard no testimony as to what sum such damages amounted to, is erroneous.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed July 12, 1901.

CHARLES H. FISHER, attorney for appellant; R. N. BOTSFORD, of counsel.

RUSSELL & HAZELHURST and R. S. EGAN, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This was an action to recover damages for injuries sustained by appellee while walking over a bridge in the city of Elgin; there was a verdict and judgment of $10,000. Upon the trial, plaintiff, over the objections of the defendant, was allowed to put in evidence a good deal of testimony as to the insecure condition of the bridge generally, for a period of three years prior to the accident. As a municipal corporation is liable for injuries caused by the insecure condition of its streets, sidewalks and bridges when it has had reasonable notice of such condition, testimony as to the condition of the bridge prior to the time of the accident was admissible, but only for the purpose of showing that the defect by which the injury was occasioned had existed for such a length of time that the municipal authorities must be presumed to have had notice of it. Chicago v. Murphy, 84 Ill. 224; Joliet v. Gerber, 21 Ill. App. 622; Joliet v. Meaghan, 22 Ill. App. 255.

The injuries to the plaintiff not having been caused by

any general breaking down, or insecure condition of the bridge generally, but arising from his stepping upon a plank which tipped up, or gave way beneath him, causing him to fall into a hole, testimony as to the insecure condition of the bridge generally, did not, nor did testimony as to the condition of the bridge years prior to the accident, and at other places than where appellant was injured, tend to throw any light upon the question of whether the city is presumed to have had notice of the defect by which the plaintiff was injured, and should not have been admitted. The testimony showed that from three hundred to five hundred people crossed the bridge from two to four times each day with safety. Such being the case, the plaintiff was required to show, not that for some time past many people had observed defects in the structure, but that he was injured by a defect of which the city had, or must be presumed to have had notice, and of which he either had no notice or took reasonable care to avoid. It was shown that within the three years preceding the accident, the bridge had been frequently repaired and put in order, and that for a short time preceding the accident it was inspected by the agents of the city almost daily. Whether the conditions testified to by a number of witnesses for the plaintiff related to what they observed before or after the bridge was shown to have been put in order by the making of repairs did not appear. Testimony as to the existence of a defect or defects should have been limited to the place of the accident and to a time not prior to the making of such repairs, if any, as did away with the defects at such place. City of Savanna v. Trusty, 93 Ill. App. 487. The city is responsible only for the use of reasonable diligence in keeping its sidewalks in a reasonably safe condition. Its duty is not like that of a railroad toward its passengers; it is not bound to exercise the highest degree of diligence. The plaintiff was bound to exercise, in crossing the bridge, reasonable care for his own safety. If the place at which he was injured had been out of order for three years and such condition observed by very many persons, it would

seem that it ought to have been noticed by him, whereas, according to the testimony of the plaintiff himself, the accident to him arose from his stepping upon a plank, which tipped, and giving way beneath him, precipitated him into a hole.

At the instance of the plaintiff, the court gave the following instruction :

" The court instructs the jury that if, from the evidence, and under the instructions given you by the court, you find the defendant guilty, then, in determining the amount of damages the plaintiff has sustained, if any, you may take into consideration the time lost by the plaintiff on account of the injury, if any the evidence shows, the pain and suffering endured by the plaintiff on account of the injury, if any evidence shows, the permanency of the injury to the plaintiff, if shown by the evidence, and award him such a sum in damages as you think will fully compensate him for the injury sustained."

Such instruction ought not to have been given.

While it is true that it is not necessary to repeat in every clause of an instruction " that the jury may find from the evidence," this instruction, although reminding the jury that their finding must be from the evidence and under the instructions given by the court, tells the jury that in determining the amount of damages, they may consider certain things if the evidence so shows, and that having so done, may award the plaintiff such a sum in damages as they think will fully compensate him for the injuries sustained. As the jury had not heard any testimony as to what sum the damage sustained by the plaintiff amounted to, they might well, under such instruction, think that in arriving at the sum to be awarded to the plaintiff they would be controlled, not so much by the evidence, as by what sum, upon general principles, they thought would fully compensate him for the injury. Nor should the phrase " fully compensate," or " barely compensate," be made use of in an instruction as to damages. The instruction should not have been given. Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. Jenkins, 174 Ill. 398; Ill. Cent.

Ry. Co. v. Farrell, 86 Ill. App. 436; The City of Freeport
v. John T. Isbell, 83 Ill. 440; Chicago, Rock Island &
Pacific R. R. Co. v. Johanna Austin, Adm'x, 69 Ill. 426;
Woodward Norris v. Margaret E. Warner, 59 Ill. App. 300.

The judgment of the Circuit Court is reversed and the
cause remanded.