## Eliza J. Williams v. City of Carterville.

1. PHOTOGRAPHS—*As Evidence.*—A photograph of a sidewalk upon
which an accident occurred, shown to be correct, is properly admitted
in evidence, and taken by the jury to their room when they retire to
consider of their verdict.

2. PRACTICE—*Allowing Papers, etc., Admitted in Evidence to be
Taken to the Jury Room.*—It is not error for the trial judge to allow
papers, other than depositions or articles introduced in evidence, to be
taken by the jury with them to their room when they retire to con-
sider of their verdict, nor is it error *per se* to refuse to allow them to be
so taken.

3. SAME—*Order of Proofs.*—A plat intended to be used in evidence
should first be shown to be correct; but when it is exhibited and used
for reference without such preliminary proof, and where no evidence
is afterward introduced of its correctness, such use is not reversible
error.

4. SAME—*Where No Motion is Made to Exclude an Objectionable
Answer.*—Where the answer to a question is objectionable and there is
no motion to exclude it, and no ruling had nor exception taken when
the objection to it is overruled, the question is not before this court for
consideration.

5. SIDEWALKS—*Constructive Notice of Defects.*—In the absence of
any proof of actual notice, and the positive testimony of city officers and
others who had frequently passed over the walk in question, and in ad-
dition, had examined it after the accident and failed to see the condi-
tion of things which is claimed to have existed and caused the accident
complained of, a jury will be warranted in finding that the city authori-
ties had no notice of the alleged defect, even although it might have in
fact existed for more than four weeks.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Williamson County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1901. Affirmed. Opinion filed October 21, 1901.

Statement.—Appellant sued appellee, alleging injuries through falling by reason of a defective sidewalk.

The negligence charged by the amended declaration is that appellee, having undertaken to keep its sidewalks sufficiently lighted to enable travelers to pass along them in safety, failed to do so, and negligently suffered a certain crossing, known as Walnut Street crossing, to be and remain in unsafe and bad repair and in darkness; and divers of the planks wherewith the sidewalk and crossing were laid, to be and remain weak, springy, bent and warped; and that they had been in such bad repair for more than four weeks, and that the defendant knew, or by reasonable diligence ought to have known their condition, etc.

A demurrer was filed to the amended declaration, which being overruled, the general issue was pleaded, a trial had, verdict rendered for defendant, and plaintiff appealed.

R. B. MORTON, attorney for appellant.

J. L. GALLIMORE and W. W. CLEMENS, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Divers errors are assigned by appellant, all of which are not necessary to be noticed in the view we take of the case. An ordinance providing for lighting the city and a photograph of the sidewalk where appellant fell, sworn to be correct, were introduced in evidence. Appellant asked that the jury be allowed to take them to the jury room when they retired to consider their verdict. This the court refused and appellant excepted. The language of the statute is, " Papers read in evidence, other than depositions, may be carried from the bar by the jury." Starr & Curtis' Stat., Sec. 56, Chap. 110.

The judge may or may not, in his discretion, allow papers other than depositions, or articles introduced in evidence, to be taken by jurors when they retire to consider their verdict. It is not error *per se* to refuse to allow them to be so taken.

Objection was made by appellant to the examination of a witness from a plat exhibited, without first showing that the plat was correct. It should first have been shown to be correct, but as there was afterward evidence introduced of its correctness, this was not reversible error.

Objection was made to the question of appellee's counsel, " What condition was that walk in when you noticed it after the accident ? "

Objection overruled and exception taken.

A.   It was in fair condition.

Q.   Would you consider it to be in reasonably safe condition for a pedestrian ?   A.   Yes, sir.

Objection by plaintiff, and objection overruled but no exception taken.

The question was not in itself objectionable, but the answers were.

The question as to condition might have been pertinently answered by describing its condition. It did not call for an opinion as to whether it was safe or not. As there was no motion made to exclude the answers and no ruling had, nor exception taken when the objection to them was interposed, the alleged error is not before us for consideration. If the sidewalk was in an unsafe condition as alleged in the declaration, did the city have notice of its condition ? It must have had notice, either actual or constructive, to be held liable in this action. City of Chicago v. Margaret Murphy, 84 Ill. 224; City of Joliet v. Helena Gerber, 21 Ill. App. 622.

This question was for the jury to answer. They have found for appellee. After a careful consideration of the evidence we fail to find proof of actual notice. In the absence of such notice, we think the testimony strongly tends to prove such a condition of the sidewalk before, at

the time of, and after the accident, as to exclude the presumption of constructive notice.

The injury occurred after dark on the sidewalk on Walnut street where it meets the crossing of Grand avenue. Appellant testifies that the plank on the sidewalk "sprang down" close to the end of the crossing; that she struck her foot against the crossing and fell; that she was sure the springing of the plank caused her injury; that she guessed city authorities knew of it; that it had been out of repair for six months.

There was other evidence that tended in some manner to corroborate appellee as to the condition of the walk, and the length of time it had been out of repair.

Price Watson, for appellee, testified that he had been street commissioner for two years; that he was acquainted with the sidewalk in question; that he passed over it four or five times a week prior to the accident; that there was nothing to call attention to it; that he saw it the morning after the accident; that he has made no repairs at that point since the accident; that the walk is composed by one-by-six stuff, with three-by-three stringers. It is of oak.

Dundy, an alderman, testifies that he examined the walk; that he tested it by standing on it, and that it was not springy.

F. C. Berard, an alderman, testifies that he frequently passed over the walk prior to the accident, but noticed no springiness in it; saw no necessity for any repairs.

S. H. Walker, another alderman, testifies substantially to the same effect. Other witnesses testify to passing over the crossing and walk before the injury complained of, and that they noticed no defects, or springing of the planks.

It was for the plaintiff affirmatively to prove not only the sidewalk's defective condition which she claims caused her fall, but in addition, to prove notice of such condition to the city. In the absence of any proof of actual notice, and the positive testimony of city officers and others who had frequently passed over the walk, and in addition, had examined it after the accident, and failed to see the condi-

tion which appellee testifies caused her to fall, we think the jury was fully warranted in finding that the city authorities had no notice of the defect alleged, even although it may have existed as alleged in the declaration, which allegation is by no means clearly proved.

We find no substantial errors in the instructions. Judgment affirmed.